# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2019

Lyle W. Cayce
Clerk

No. 18-50569
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LYNDELL BRADY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-17-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Lyndell Brady appeals the 37-month within-guidelines sentence imposed for his guilty plea conviction for maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(1) & (b), arguing that it is substantively unreasonable. He concedes that our review is under the plain error standard of review, but he challenges our caselaw regarding the standard of review in order to preserve the issue for further review. However, Brady's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness argument fails even under the abuse of discretion standard of review.  *See Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Here, the district court heard and considered Brady's arguments for a below-guidelines sentence based on his age and reduced risk of recidivism and weighed them against his failure to appreciate the gravity of his offense, the need to deter others from committing the same or similar crimes, and Brady's knowledge of and experience with the criminal justice system.  Having weighed all of those factors, the district court concluded that a sentence at the bottom of the guidelines range was just and reasonable.

Effectively, if not explicitly, Brady asserts that the district court should have given dispositive weight to his age and low risk of recidivism.  That argument is unavailing, however, as it is contrary to this court's precedent and reflects a mere disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors.  *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Because Brady fails to rebut the presumption of reasonableness afforded within-guidelines sentences, the judgment of the district court is AFFIRMED. *See Rodriguez*, 523 F.3d at 525-26.